Ruffin, Chief J ustice.
 

 — It is yielded on the part of the plaintiff, that the testator, Willis Sanderlin, by administering on the estate of his first wife, Chloe, became entitled to her distributive share of her father’s estate, and might retain it out of the assets of the father, then in his own hands as administrator of the father. Whether the administration on the wife’s estate was necessary, might be doubted, supposing the husband to have assented to the distribution ; and there is no dispute, here, whether he held the assets for distribution, or for the benefit of his intestate the father’s creditors. Having the assets, he was himself the debtor to the father’s next of kin; and whether the debt to his wife became extinct, because as husband he might retain it, or not, it seems certain that by administering on her estate, which enured to his own benefit, and thereby becoming himself the sole creditor, and being . before the sole debtor, the debt was satisfied and extinguished.
 

 It is insisted, however, that the debt to Patsey, the second wife, was never reduced to possession by the husband in his life time, and therefore survived to her. The argument is, that he did not hold as husband, but had the assets as administrator and trustee; and several cases were cited, where the executor married the residuary
 
 *249
 
 legatee, and it was held that it was not
 
 per fte
 
 a reduction to possession by him. But those cases seem to have no •application to that before us. They involved the consideration of the executor’s assent to the legacy, until which he could not be said to hold either as legatee or husband. Here the husband’s intestate had been the former guardian of the wife, and was indebted to her at his death. It is not seen how this differs from any other debt. If the intestate had owed the wife a bond debt, and the husband administered on the debtor’s estate and received assets sufficient, he might or ought to apply them to the debt; because as husband he has the right to retain, and as the administrator having assets, he is the hand to pay. It is clear, that the husband may retain for a debt due to his wife from his intestate. Indeed it is stated, that if a married woman be executrix, the husband may retain, if the testator was indebted to him, or (which is said to be the same thing) to the wife before marriage. Toll. Exrs. 359. It cannot be otherwise; for the case is within the reason of the rule of retainer. Whether the debt be due to the husband or to the wife, and whether the one or the other be the -representative, can make no difference; for in neither case, could a suit be brought, and therefore the remedy is by retainer. When a retainer is allowed, and the party has assets, it is an extinguishment, upon the principle that the same hand is both to pay and to receive.
 
 Muse
 
 v.
 
 Sawyer,
 
 N. C. Term Rep. 204.
 

 The Court does not think it necessary to consider the effect of the marriage merely, nor of the evidence of the intention of the husband to appropriate a part of the assets to the debt; nor how the rule is, where the husband is the executor and the wife a legatee. The case is decided on the whole of its own circumstances; which are that an administrator of a debtor, with ample assets, marries the creditor. We think the law immediately applied so much of the assets in satisfaction. Consequently, upon the case agreed, both of those sums are to be deducted from the verdict; and the judgment must be reversed, and judgment rendered here for the plaintiff, for one thousand nine hundred and forty-seven dollars and twelve cents.
 

 Per Curiam. Judgment accordingly.